NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAUL VALLE-BADILLO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.     19-73333

Agency No. A206-673-051

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 30, 2021
Pasadena, California

Before:  IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Petitioner Raul Valle-Badillo, a native and citizen of Mexico, seeks review of

a Board of Immigration Appeals ("BIA") decision affirming the Immigration

Judge's ("IJ") final order of removal.  We have jurisdiction under 8 U.S.C. § 1252

to review final orders of removal issued by the BIA and review *de novo* Valle-

Badillo's motion to terminate his removal proceedings and related constitutional

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

challenges. *See Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018). We deny the petition.

According to the Form I-213 (Record of Deportable/Inadmissible Alien), after 11:00 PM on April 16, 2017, Customs and Border Patrol ("CBP") agents observed Valle-Badillo driving down a highway known to be used to facilitate criminal alien and drug smuggling operations. As the marked CBP vehicle drove alongside Valle-Badillo's vehicle for approximately two miles, the agents noted that Valle-Badillo "would not look over at the [a]gents" and appeared "very rigid and stiff in posture." The agents then pulled behind Valle-Badillo's vehicle, which had a valid license plate, for another two miles and observed his car "swerve[] within its lane as if [he were] looking in his rear view mirror trying to locate" the agents' vehicle. The agents stopped Valle-Badillo's vehicle to "perform an immigration inspection." Valle-Badillo supplied his valid California driver's license, but when the agents questioned him about his legal status, he admitted to being present in the United States without authorization.

The Department of Homeland Security filed a Notice to Appear with the immigration court charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). At his initial hearing on May 9, 2017, Valle-Badillo contested the charge of inadmissibility, arguing that the traffic stop violated his Fourth Amendment rights. Over counsel's objections, the IJ asked Valle-Badillo where he was born. The IJ

2

also stated, incorrectly as it later turned out, that Valle-Badillo's Fourth Amendment claim could, "at most, . . . be grounds to suppress evidence," but could not support termination of removal proceedings. Valle-Badillo later filed a motion to reopen his removal proceedings based on the IJ's questioning. He alternatively sought cancellation of removal and post-conclusion voluntary departure.

On March 26, 2018, the IJ denied Valle-Badillo's application for cancellation of removal and granted his application for voluntary departure but did not address the nature of Valle-Badillo's arrest. Valle-Badillo appealed the IJ's order, which the BIA upheld on December 5, 2019. In its order, the BIA determined that Valle-Badillo had not disputed the truth of the facts stated in the Form I-213 and concluded that Valle-Badillo's Fourth and Fifth Amendment rights were not violated.

Because the IJ declined to consider Valle-Badillo's Fourth Amendment claim and therefore did not conduct any factfinding regarding it, Valle-Badillo argues that the BIA committed reversible error by conducting factfinding in the first instance on appeal. The BIA may take administrative notice of "[u]ndisputed facts contained in the record." 8 C.F.R. § 1003.1(d)(3)(iv)(A)(4). Because Valle-Badillo conceded at oral argument that he did not dispute the facts relating to the stop and only argues that these facts constituted an egregious Fourth Amendment violation, the BIA conducted no impermissible factfinding.

Valle-Badillo next argues that the BIA erroneously found that the nature of

his arrest did not rise to the level of egregiousness required to warrant termination of his removal proceedings based on a violation of the Fourth Amendment or 8 C.F.R. § 287.8(b). Generally, the Fourth Amendment's exclusionary rule does not apply in removal proceedings, but "petitioners may be entitled to termination of their removal proceedings without prejudice for egregious regulatory violations," including "when the agency egregiously violates a petitioner's Fourth Amendment rights." *Sanchez*, 904 F.3d at 649, 653. Egregious violations occur when "the Government crosses the line into conscience-shocking conduct," such as stopping an individual based only on his Latino appearance. *Id.* at 655–56. Before being pulled over, Valle-Badillo was driving at night in a high-crime area, dropped his speed by 15 mph below the posted speed limit when he saw the agents' marked vehicle, and swerved in his lane when the agents pulled behind him. Even assuming that the CBP agents lacked reasonable suspicion based on the "totality of the circumstances," *see United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (citation omitted), any violation would not be sufficiently "egregious" to warrant termination of removal proceedings, *see Sanchez*, 904 F.3d at 653–55.

Finally, Valle-Badillo asserts that his Fifth Amendment and due process rights were violated during his initial hearing, arguing that the IJ's questioning denied him the right to a full and fair hearing where he could present his Fourth Amendment claim and violated his right against self-incrimination by pressuring him to answer

4

over counsel's objection. But we need not reach these arguments because Valle-Badillo cannot show prejudice. *See Hussain v. Rosen*, 985 F.3d 634, 645 (9th Cir. 2021). In the uncontested Form I-213, Valle-Badillo admitted being present in the United States without authorization, providing sufficient evidence to support a removability determination. *See Sanchez*, 904 F.3d at 653. In the same vein, Valle-Badillo also argues that the BIA used cursory reasoning when it disregarded the IJ's failure to rule on his motion to reopen based on the alleged Fifth Amendment violations. This argument also fails. Even if the BIA had found that the IJ erred by not ruling on his motion to reopen, Valle-Badillo would still not be able to show prejudice. The Form I-213 establishes the basis for Petitioner's removability and no egregious Fourth Amendment violation occurred.

**PETITION DENIED.**